# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CENTER FOR FOOD SAFETY, <br> 660 Pennsylvania Ave SE #402 <br> Washington, DC 20003 | ) <br> ) <br> ) <br> ) | |
| *Plaintiff,* | ) <br> ) | Case No. 1:18-cv-1366 |
| vs. | ) <br> ) <br> ) <br> ) | **COMPLAINT FOR DECLARATORY** <br> **AND INJUNCTIVE RELIEF** |
| UNITED STATES DEPARTMENT <br> OF THE INTERIOR, <br> 1849 C St. N.W. <br> Washington, D.C. 20240 | ) <br> ) <br> ) <br> ) <br> ) | |
| *Defendant.* | ) <br> ) | |

1

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## I.      NATURE OF ACTION

1.         The Center for Food Safety (CFS)—a nonprofit public interest and environmental advocacy organization working to protect human health and the environment—brings this civil action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, challenging the United States Department of the Interior (DOI)'s unlawful withholding of records concerning the Cadiz Valley Water Conservation Recovery and Storage Project (Cadiz Project).

2.         CFS filed a FOIA request with DOI to better understand the review and decision-making process regarding DOI actions related to the Cadiz Project, a groundwater mining project in the Mojave Desert that may affect federal lands and public resources. The goal of the request was to open the operations and activities of government to public scrutiny and contribute significantly to the public's understanding of the agency's actions.

3.         DOI is violating FOIA by failing to produce records in response to CFS's FOIA request, failing to conduct an adequate search for responsive records, failing to waive fees associated with the search for and disclosure of responsive records, and by failing to provide both an initial determination as to the scope of the records to be produced or withheld, and an estimated date by which the agency's search will be complete.

4.         DOI's unlawful withholding of public records undermines FOIA's basic purpose of government transparency. Because prompt access to these records is necessary to effectuate FOIA's purpose, CFS seeks declaratory relief establishing that DOI is in violation of FOIA, and injunctive relief directing DOI to provide responsive records without any further delay.

2

## II.   JURISDICTION AND VENUE

5.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6.      Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which expressly provides a venue for FOIA cases in the District Court of the District of Columbia.

7.      Declaratory relief is appropriate under 28 U.S.C. § 2201.

8.      Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## III.   PARTIES

9.      Plaintiff CFS is a national 501(c)(3) nonprofit public interest and environmental advocacy organization that empowers people, supports farmers, and protects the environment from the harms of industrial food production. To that end, CFS works to protect the quality of our freshwater and ensure that the access to and use of our freshwater resources is fair and sustainable. With over 950,000 farmer and consumer supporters nationwide, CFS informs, educates, and counsels the public on the harm done to human health, animal welfare, and the environment by industrial agriculture and corporate control of water resources. Through nearly two decades of involvement in technical analysis, environmental litigation, and policymaking as it relates to food, water, and environmental impacts, CFS has demonstrated its ability to take technical information provided by government agencies and distill it into a format that is accessible to the public. CFS employs science and policy experts who have analyzed FOIA,

National Environmental Policy Act (NEPA), ESA, OFPA, and other environmental and scientific

reports for their entire careers. CFS publishes reports on a variety of topics, including on

freshwater resources, aquaculture, genetically engineered foods, pesticides, food and feed

additives, and other food and agricultural topics that tend to be difficult for the layperson to

understand without professional assistance. CFS and its members are harmed by DOI's

violations of FOIA, as such violations preclude CFS from gaining a full understanding of the

decision-making process regarding the underlying agency actions, and prevent CFS from

disseminating information to the public concerning DOI's oversight of our natural resources.

10.       Defendant DOI is a cabinet-level agency within the Executive Branch

of the United States Government. DOI is in possession and control of the records that CFS seeks,

and is an agency within the meaning of 5 U.S.C. § 552(f)(1). DOI is therefore subject to FOIA.


## IV.    LEGAL BACKGROUND

11.       The basic purpose of FOIA is to promote government transparency and

public oversight of agency action. The statute effectuates this objective by establishing the

public's right to access all federal agency records unless such records may be withheld pursuant

to one of nine, narrowly construed exemptions. 5 U.S.C. § 552(b)(1)-(9).

12.       FOIA imposes stringent deadlines on federal agencies with regard to

making initial determinations in response to FOIA requests. Within twenty working days of

receiving a FOIA request, an agency must determine whether it will release the requested

records, and must notify the requester of its determination, the reasons for its decision, and the

requester's right to appeal an adverse decision to the head of the agency. *Id*. § 552(a)(6)(A).

13.        Congress has specified certain limited instances in which federal agencies may extend this twenty-working-day deadline. First, an agency may toll the deadline to seek additional information or clarification from a requester, but that tolling period ends when the agency receives such information or clarification. *Id.* § 552(a)(6)(A)(ii). Second, in "unusual circumstances" an agency may extend the deadline no more than ten additional working days by providing written notice to the requester that sets forth the circumstances justifying the extension. *Id.* § 552(a)(6)(B)(i).

14.        FOIA requires that a determination under 5 U.S.C. § 552(a)(6)(A) "must be more than just an initial statement that the agency will generally comply with a FOIA request and will produce non-exempt documents and claim exemptions in the future." *Citizens for Responsibility and Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013).

15.        For a determination to trigger the administrative exhaustion requirement, the agency must at least "(i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Id*. at 188.

16.        If the agency fails to respond within the applicable time limit, the requester "shall be deemed to have exhausted his administrative remedies." 5 U.S.C. § 552(a)(6)(C)(i).

17.        Such constructive exhaustion[1] "allows immediate recourse to the courts to compel the agency's response to a FOIA request." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 62, 64 (D.C. Cir. 1990).

18.        The court "then has the authority to oversee and supervise the agency's progress in responding to the request." *Seavey v. DOJ*, Case No. 15–1303, 2017 WL 3112816, *2 (D.D.C. July 20, 2017) (citing *Citizens for Responsibility and Ethics in Washington*, 711 F.3d at 189); *see also Clemente v. FBI*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014) (a court "may use its equitable powers to require the agency to process documents according to a court-imposed timeline.").

19.        FOIA requires each agency to search for records in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request. 5 U.S.C. § 552(a)(3)(C)-(D).

20.        With regard to production of responsive records, "FOIA requires that the agency make the records 'promptly available,' which depending on the circumstances typically would mean within days or a few weeks of a 'determination,' not months or years." *Citizens for Responsibility and Ethics in Washington,* 711 F.3d at 188 (citing 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)).

21.        In certain limited instances, an agency may withhold records or portions of records pursuant to nine specific exemptions. 5 U.S.C. § 552(b). These exemptions must be "construed narrowly in keeping with FOIA's presumption in favor of disclosure." *Pub. Citizen, Inc. v. Office of Mgmt. & Budget*, 598 F.3d 865, 869 (D.C. Cir. 2010).

---

[1] "Constructive exhaustion is determined by the actions (or lack thereof) an agency has taken by the time a suit is filed in the district court." *Wisdom v. U.S. Tr. Program*, 232 F. Supp. 97, 113 (D.D.C. 2017) (citing *Oglesby*, 920 F.2d at 64).

22.         FOIA places the burden on the agency to prove that it may withhold responsive records or portions of records from a requester. 5 U.S.C. § 552(a)(4)(B).

23.         FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

24.         In addition, FOIA provides a waiver for fees associated with the procurement of documents subject to FOIA requests. Such fee waivers are granted "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *Id.* § 552(a)(4)(A)(iii).

25.         Agency decisions regarding whether fee waiver criteria is satisfied must be in keeping with the purpose of the fee waiver amendments, which were enacted to allow further disclosure to nonprofit, public interest organizations. *See* 132 Cong. Rec. S. 14270-01, (statement of Sen. Leahy) ("[A]gencies should not be allowed to use fees as an offensive weapon against requesters seeking access to Government information."). Furthermore, "Congress amended FOIA to ensure that it be liberally construed in favor of waivers for noncommercial requesters." *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) (citing *McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1284 (9th Cir. 1987) (citing Sen. Leahy) (quotations omitted).

26.         Finally, FOIA requires that the agency provide "information about the status of a request . . . including . . . an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii).

## V.    FACTUAL BACKGROUND

27.         On April 6, 2018, CFS submitted a FOIA request to DOI, seeking "any and all documents, from January 1, 2017 to present, regarding the Cadiz Valley Water Conservation Recovery and Storage Project, that contain the communications of the following individuals and entities: (A) Department of the Interior Deputy Secretary David Berhnardt; (B) Senior Advisor to the President Jared Kushner; (C) investment firm Apollo Global Management; (D) Apollo founder Joshua Harris; (E) Cadiz, Inc.; and (F) CEO of Cadiz, Inc. Scott Slater" (April 6 FOIA Request).[2]  In addition, the April 6 FOIA Request asked that DOI waive all fees in connection with the procurement of this information, because fee waiver criteria was met pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). CFS explained that release of the requested records was in the public's best interest because disclosure would significantly contribute to public understanding of the operations or activities of government, and because obtaining the information was of no commercial interest to CFS.

28.         An initial determination on the April 6 FOIA Request was due by May 4, 2018, twenty working days after the date CFS submitted the request.

29.         On April 11, 2018, CFS sent an email requesting that DOI confirm receipt of the April 6 FOIA Request, and provide an estimated completion date as required by 5 U.S.C. § 552(a)(7)(B)(ii).

30.         In response DOI emailed CFS on April 18, 2018, stating that the Office of the Secretary FOIA office was "waiting on a program office to send [them] any potentially

---

[2] The April 6 FOIA Request excluded any documents already encompassed by the FOIA requests CFS sent to the Bureau of Land Management on April 5, 2017, and April 6, 2017 (tracking number 2017-00482) that are the subject of the ongoing litigation *Center for Food Safety v. United States Department of the Interior Bureau of Land Management*, 17-CV-02239-JEB.

responsive records." According to DOI, the FOIA office could not begin processing the April 6

FOIA Request, nor provide a timeline estimating completion, until such responsive records were

transmitted by the relevant program office.

31.     CFS replied the same day, acknowledging that processing and

producing the records would take time, and clarifying that it was merely seeking a determination

as to the scope of the records DOI intended to produce or withhold, and its reasons for doing so.

Such a determination would help CFS "better assist the agency in narrowing the scope of the

materials to keep this request from becoming voluminous."

32.     By email dated April 24, 2018, DOI asserted that it was unable to

provide an initial determination since the records at issue had not yet been forwarded to the

FOIA office for processing. DOI contended that because the FOIA office is not housed in the

same location as the Office of the Secretary or his staff, the processing of FOIA requests is

delayed until the relevant program office sends the records at issue.

33.     On May 8, 2018, CFS sent an email to DOI inquiring into the status of

the April 6 FOIA Request, again offering assistance to narrow the scope of the request if

necessary. Hearing no response, CFS emailed DOI again on May 23, 2018, requesting the scope

of records the agency intended to produce or withhold, reiterating its goal to better assist the

agency in narrowing the scope of materials should the request be voluminous, and seeking an

updated estimated date of completion.

34.     DOI responded via email May 31, 2018, providing tracking number

OS-2018-01005 for the FOIA request, but otherwise providing no new information. The email

reiterated that the FOIA office had not yet received any potentially responsive records from the

relevant program office, and thus could still not process the April 6 FOIA Request or provide a timeline for completion.

35.         Later that afternoon, DOI sent a formal acknowledgment letter confirming receipt of the April 6 FOIA Request. In this letter, DOI asserted that it was availing itself of a "10-workday extension" because it "need[ed] to consult with one or more bureaus of the Department in order to properly process [the] request." Additionally, DOI informed CFS that it was placing the request under the "'Complex' processing track" for the same reason. DOI also stated that the agency was still in the process of determining whether to grant or deny CFS's request for a fee waiver.

36.         Even taking into account a ten-working-day extension, the revised deadline for an initial determination would have been May 18, 2018.

37.         Forty-four working days have passed since DOI received the April 6 FOIA Request, yet DOI has not provided an initial determination in response to the April 6 FOIA Request, supplied an estimated date of completion, made a determination on CFS's request for a fee waiver, or produced any responsive records.

38.         As of the date of this complaint, CFS has received no further communications from DOI.

39.         None of FOIA's nine exemptions to the statute's disclosure mandate apply to the records that are responsive to the April 6 FOIA Request.

40.         CFS has been required to expend resources to prosecute this action.

## VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Defendant Failed to Comply with FOIA's Mandatory Determination Deadline

41.        The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

42.        DOI violated FOIA by failing to make a determination on CFS's April 6 FOIA Request. 5. U.S.C. § 552(a)(6).

43.        CFS has a statutory right to receive a determination within the congressionally mandated deadline of twenty working days. *Id*.

44.        To date—forty-four working days after CFS filed the April 6 FOIA Request—DOI has not provided a determination, notwithstanding the requirement of 5 U.S.C. § 552(a)(6)(A) of an agency response within twenty working days detailing the scope of the records the agency intends to produce and withhold, the reasons for making that determination, and an explanation of the process by which a requester can administratively appeal that determination.

45.        DOI did not request additional time to comply with the request until well after the twenty-working-day deadline had passed. Even accounting for a ten-working-day extension, DOI has still failed to meet the deadline by which an initial determination is required.

46.        DOI's failure to make an initial determination with regard to the April 6 FOIA Request, thus unlawfully delaying its response beyond the deadline that FOIA mandates, has prejudiced CFS's ability to timely obtain public records. *Id*. § 552(a)(6)(A)(i).

47.        As such, CFS has exhausted the applicable administrative remedies with respect to the April 6 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

48.        Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to DOI in the foreseeable future.

49.        CFS's organizational activities will be adversely affected if DOI continues to violate FOIA by failing to disclose responsive records as it has in this case.

50.        Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, DOI will continue to violate CFS's rights to receive public records under FOIA.

## SECOND CAUSE OF ACTION
### Defendant Failed to Conduct an Adequate Search for Responsive Records

51.        The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

52.        DOI violated FOIA by failing to conduct an adequate search for responsive records pursuant to 5 U.S.C. § 552(a)(3)(C)-(D).

53.        CFS has a statutory right to have DOI process its April 6 FOIA Request in a manner that complies with FOIA. *Id*.

54.        DOI violated CFS's right when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the April 6 FOIA Request, thus prejudicing CFS's ability to timely obtain public records.

55.        CFS has exhausted the applicable administrative remedies with respect to the April 6 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

56.        Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to DOI in the foreseeable future.

57.        CFS's organizational activities will be adversely affected if DOI continues to violate FOIA by failing to disclose responsive records as it has in this case.

12

58.     Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, DOI will continue to violate CFS's rights to receive public records under FOIA.

**THIRD CAUSE OF ACTION**
**Defendant Unlawfully Withheld All Responsive Records**

59.     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

60.     DOI violated FOIA by failing to promptly disclose records that are responsive to CFS's April 6 FOIA Request. 5 U.S.C. § 552(a)(4)(B).

61.     CFS has a statutory right to the records it seeks, and there are no applicable exemptions under FOIA that provide a legal basis for DOI to withhold these records from CFS. *See Id*. § 552(b)(1)-(9).

62.     To date, DOI has not provided any records requested by CFS in the April 6 FOIA Request, notwithstanding the requirement of 5 U.S.C. § 552(a)(3)(A) and 5 U.S.C. § 552(a)(6)(C) to make agency records "promptly available."

63.     As such, DOI is wrongfully withholding disclosure of information sought by CFS, information to which it is entitled and for which no valid disclosure exemption has been claimed. DOI's unlawful withholding prejudices CFS's ability to timely obtain public records.

64.     CFS has exhausted the applicable administrative remedies with respect to the April 6 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

65.     Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to DOI in the foreseeable future.

66.     CFS's organizational activities will be adversely affected if DOI continues to violate FOIA by failing to disclose responsive records as it has in this case.

13

67.       Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, DOI will continue to violate CFS's rights to receive public records under FOIA.

## FOURTH CAUSE OF ACTION
### Defendant Failed to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records

68.       The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

69.       DOI violated FOIA by failing to take reasonable steps to segregate and release nonexempt portions of lawfully exempt records in response to the April 6 FOIA Request. 5 U.S.C. § 552(a)(8)(A)(ii)(II).

70.       CFS has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions. *Id*.

71.       To date, DOI has failed to disclose any records to CFS, including nonexempt information that could be reasonably segregated and released in response to the April 6 FOIA Request, thus prejudicing CFS's ability to timely obtain public records.

72.       CFS has exhausted the applicable administrative remedies with respect to the April 6 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

73.       Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to DOI in the foreseeable future.

74.       CFS's organizational activities will be adversely affected if DOI continues to violate FOIA by failing to disclose responsive records as it has in this case.

75.       Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, DOI will continue to violate CFS's rights to receive public records under FOIA.

## FIFTH CAUSE OF ACTION
### Defendant Failed to Grant a Fee Waiver as Required by FOIA

76.        The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

77.        DOI violated FOIA by failing to grant—or indeed make any determination—on CFS's request for a fee waiver. 5 U.S.C. § 552(a)(4)(A)(iii).

78.        CFS is entitled to a waiver of fees associated with processing its April 6 FOIA Request because disclosure of responsive records will likely contribute significantly to public understanding of DOI's operations or activities related to managing our federal lands and public resources, and such disclosure is of no commercial interest to CFS. *Id.*

79.        CFS has exhausted the applicable administrative remedies with respect to the April 6 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

80.        Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to DOI in the foreseeable future.

81.        CFS's organizational activities will be adversely affected if DOI continues to violate FOIA by failing to disclose responsive records and waive fees associated with such disclosure as it has in this case.

82.        Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, DOI will continue to violate CFS's rights to receive public records under FOIA.

## SIXTH CAUSE OF ACTION
### Defendant Failed to Provide an Estimated Date of Completion as Required by FOIA

83.        The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

84.     DOI violated FOIA by failing to provide CFS with an estimated date of completion as required by 5 U.S.C. § 552(a)(7)(A)-(B).

85.     CFS has a statutory right to have DOI process its April 6 FOIA Request in a manner which complies with FOIA. DOI has violated Plaintiff's rights in this regard by its failure to provide—by any means—an estimated completion date for its response to the April 6 FOIA Request as required by FOIA. 5 U.S.C. § 552(a)(7)(A)-(B).

86.     DOI's failure to inform CFS of an estimated completion date for the April 6 FOIA Request has prejudiced CFS's ability to timely obtain public records.

87.     CFS has exhausted the applicable administrative remedies with respect to the April 6 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

88.     Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to DOI in the foreseeable future.

89.     CFS's organizational activities will be adversely affected if DOI continues to violate FOIA by failing to disclose responsive records as it has in this case.

90.     Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, DOI will continue to violate CFS's rights to receive public records under FOIA.

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.      Order Defendant to provide a lawful initial determination on Plaintiff's FOIA request as required by FOIA by a date certain;

2.      Order Defendant to conduct searches that are reasonably calculated to locate all records responsive to Plaintiff's April 6 FOIA Request with the cut-off date for searches being the date the searches are conducted, and to provide to Plaintiff, by a date certain, with all

responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

3.      Order Defendant to grant Plaintiff a fee waiver for its April 6 FOIA Request.

4.      Declare that Defendant unlawfully failed to make and communicate an initial determination on Plaintiff's April 6 FOIA Request as required by 5 U.S.C. § 552(a)(6)(A)(i).

5.      Declare that Defendant unlawfully failed to undertake a search for and disclose of all records responsive to Plaintiff's April 6 FOIA Request as required by 5 U.S.C. § 552(a)(6)(A)(i).

6.      Declare that Defendant unlawfully failed to provide Plaintiff with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption as required by 5 U.S.C. § 552(a)(7)(b).

7.      Declare that Defendant unlawfully failed to grant Plaintiff a fee waiver for its April 6 FOIA Request.

8.      Declare that Defendant unlawfully failed to provide Plaintiff with an estimated date of completion as to the search and production of Plaintiff's April 6 FOIA Request as required by 5 U.S.C. § 552(a)(7)(B)(ii).

9.      Provide for expeditious proceedings in this action.

10.     Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

11.     Grant such other relief as the Court may deem appropriate.

Dated this 8th day of June, 2018.

Respectfully submitted,

CENTER FOR FOOD SAFETY,

/s/ George A. Kimbrell

GEORGE A. KIMBRELL (WA 36050)
Center for Food Safety
917 SW Oak St. Suite 300
Portland, Oregon 97205
T: (971) 271-7372 / F: (971) 271-7374
Email: gkimbrell@centerforfoodsafety.org

KELLAN SMITH (*Pro Hac Vice* Pending)
Center for Food Safety
303 Sacramento Street, 2nd Floor
San Francisco, CA 94111
T: (415) 826-2770 / F: (415) 826-0507
Email: ksmith@centerforfoodsafety.org

*Counsel for Plaintiff*